IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRYANT ELLIOTT DAVIDSON         :

Plaintiff

      v.                              :       CIVIL ACTION NO. WDQ–07-268

LISA BROTEN, Senior State Attorney
                                :
Defendant

**MEMORANDUM**

     Pending is a pro se 42 U.S.C. §1983 complaint filed by Bryant Elliott Davidson, an inmate at the Metropolitan Correctional Training Center, in which he alleges that his character was defamed by prosecutor Lisa Broten at sentencing proceedings in the Circuit Court for Howard County. Plaintiff asks the court to "reprimand" Defendant, "remove her from any further proceedings as a representative of the state" in proceedings against him, and award him damages in the amount of $50,000. Plaintiff qualifies for indigent status, and his motion to proceed in forma pauperis will be granted by separate order.

     The Court is obliged by 28 U.S.C. §1915A to screen prisoner actions and dismiss any complaint that fails to state a claim upon which relief may be granted. The instant case must be dismissed under this standard.

     To the extent plaintiff seeks to compel the Court to act against Defendant, the present matter is in the nature of a writ of mandamus. *See* 28 U.S.C. § 1361. Federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a plaintiff. This Court, however no mandamus jurisdiction over state employees and cannot mandate Defendant's reprimand or removal from further proceedings to which he is a party. *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586-87 (4th Cir. 1969).

Plaintiff faults Defendant for allegedly "defaming" him by at sentencing by repeatedly referring to his alleged alias in a pending case which he states was later dismissed. In order for the court to assume jurisdiction over this case, Plaintiff must allege facts against Defendant sufficient to establish that he has been deprived of rights guaranteed by the Constitution or the laws of the United States. *See* 28 U.S.C. §1331; *Estelle v. McGuire*, 502 U.S. 62 (1991). There is no federal question jurisdiction here for the Court to consider.[1]

Further, a state prosecutor is a quasi-judicial officer who enjoys absolute immunity from suit when performing prosecutorial, as opposed to investigative or administrative functions. *See Imbler v. Pachtman*, 424 U.S. 409, 422-24. (1976). To determine whether such immunity is available, courts consider whether the challenged actions of the prosecutor are closely associated with the judicial process. *See Burns v. Reed*, 500 U.S. 478, 493 (1991). In this case, Plaintiff's claims clearly concern purported statements arising from prosecutorial functions which were made during judicial proceedings. Without more, these statements are not actionable.

The court is mindful that pro se civil rights actions such as this must be liberally construed. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Absent a minimally sufficient factual predicate, however, this complaint cannot proceed. *See Sado v. Leland Memorial Hospital.*, 933 F. Supp. 490, 493 (D. Md. 1996). For all these reasons, the Court will dismiss the complaint without prejudice. A separate Order follows.

February 16, 2007                                              /s/
Date                                                                  William D. Quarles, Jr.
                                                                          United States District Judge

---

[1] Insofar as Plaintiff is seeking to bring a common law defamation action, he may wish to file for redress in state court.